| UNITED STATES BANKRUPTCY COURT Southern District of New York | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Farenco Shipping Co. Ltd.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**Commonwealth Trust Limited, Yamraj Building, Road Town, Tortola, British Virigin Islands**<br>ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**British Virgin Islands** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br>Shipping | ☐ Chapter 7      ☑ Chapter 15 Petition for<br>☐ Chapter 9           Recognition of a Foreign<br>☐ Chapter 11          Main Proceeding<br>☐ Chapter 12     ☐ Chapter 15 Petition for<br>☐ Chapter 13          Recognition of a Foreign<br>                          Nonmain Proceeding |

|  | Tax-Exempt Entity<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."   ☑ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☑ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☑ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): |  |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District:  **Southern District of New York** | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐    Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>      Signature of Attorney for Debtor(s)        (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☐    No.

---

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

  ☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

  ☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐     Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐     There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☑     Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐     Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐     Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐     Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐     Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

   _____
   Telephone Number (if not represented by attorney)

   _____
   Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☑ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

   Nicholas Carter
   (Printed Name of Foreign Representative)

   29 / August 2011
   Date

### Signature of Attorney*

X _____
   Signature of Attorney for Debtor(s)
   James N. Power
   Printed Name of Attorney for Debtor(s)
   Holland & Knight LLP
   Firm Name
   31 West 52nd St
   New York, NY 10019
   Address
   212-513-3200
   Telephone Number
   31 August 2011
   Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Authorized Individual

   _____
   Printed Name of Authorized Individual

   _____
   Title of Authorized Individual

   _____
   Date

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

James H. Power, Esq.
Warren E. Gluck, Esq.
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: 212-513-3200
Telefax: 212-385-9010
Email: james.power@hklaw.com
       warren.gluck@hklaw.com

*Counsel for Farenco Shipping Co. Ltd. (In Liquidation)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| FARENCO SHIPPING CO. LTD., | : | Case No. 11-_____ (___) |
| | : | |
|       Debtor in a | : | |
|       Foreign Proceeding. | : | |
| | : | |
| | : | |

--------------------------------------------------------x

## VERIFIED PETITION FOR RECOGNITION OF FOREIGN INSOLVENCY PROCEEDING AND APPLICATION FOR RELATED PROVISIONAL RELIEF PURSUANT TO SECTIONS 1504, 1507, 1509, 1515, 1517, 1519, 1520 AND 1521 OF THE BANKRUPTCY CODE

    Nicholas Francis James Carter (hereafter referred to as "Nicholas Carter"), duly appointed liquidator and foreign representative ("Petitioner" or "Liquidator") of Farenco Shipping Co. Ltd. ("Farenco BVI" or the "Foreign Debtor"), a company undergoing liquidation before the Commercial Division of the High Court of Justice (the "BVI Court"), case number 2011/0051 (the "BVI Liquidation"), pursuant to the Insolvency Act of 2003 of the British Virgin Islands (the "2003 Act")[1], by its undersigned United States counsel, Holland & Knight LLP, respectfully submits the Official Form Petition, this Verified Petition (together, the "Petition"),

---

[1] Excepts of the relevant provisions of the 2003 Act are attached as Ex. 1 to the Ng Declaration.

the accompanying Declaration of Nicholas Carter executed on August 29, 2011 (the "Carter Declaration"), the Declaration of Ray Ng, executed on August 31, 2011 (the "Ng Declaration"), and the Declaration of James H. Power, executed on August 31, 2011 (the "Power Declaration"), for entry of an Order pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. 101 *et seq.* (the "Bankruptcy Code"):

(i) recognizing the BVI Liquidation of Farenco BVI as a foreign main proceeding, or in the alternative, a foreign non-main proceeding pursuant to chapter 15 of the Bankruptcy Code, and the Petitioner as Farenco BVI's foreign representative under sections 1509 and 1517 of the Bankruptcy Code;

(ii) granting automatic relief pursuant to section 1520 of the Bankruptcy Code;

(iii) granting other and additional relief pursuant to sections 1507 and 1521(a) and (b) of the Bankruptcy Code including authorizing Petitioner to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations or liabilities of Farenco BVI by:

    a.  obtaining discovery from and/or in relation to the affairs of Farenco Shipping Pte Ltd. (Singapore) and Farenco Transportation Co. Ltd. and their associates as all such information is required in the BVI Liquidation under the law of the United States;

    b.  obtaining discovery from intermediary banks in New York that process U.S. dollar wire transfers to ascertain the location and movement of Farenco BVI assets prior to and immediately after the commencement of the liquidation of Farenco BVI;

c. Upon written request served by the Foreign Debtor, through its counsel Holland & Knight LLP, obtaining turnover of any and all documents, records, filings, or other information, however stored, including but not limited to emails, from any person or entity subject to this Court's jurisdiction, including but not limited to Farenco BVI's former legal advisors and Farenco BVI's related entities;

(iv) enjoining all persons and entities subject to the jurisdiction of this Court from destroying, secreting, altering, deleting or otherwise disposing of any documents, records, filings, or other information, however stored, concerning or relating to the affairs of Farenco BVI; and

(v) pending recognition, granting provisional relief pursuant to sections 105(a) and 1519(a)(3) of the Bankruptcy Code in the form of an ex-parte order to show cause and pending recognition a provisional relief order on notice respectively, granting the relief set forth in (i-iv) above temporarily and provisionally.

## PRELIMINARY STATEMENT

1.      This Court previously has noted that "[u]nique to the Bankruptcy Code," chapter 15 contains a statement of purpose: "'to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency.'" *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund Ltd.*, 374 B.R. 122, 126 (Bankr. S.D.N.Y. 2007) (quoting 11 U.S.C. § 1501), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008). Among the express objectives of chapter 15 is to promote the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor . . ." 11 U.S.C. § 1501(a)(3).

2.     Petitioner requests recognition of the BVI Liquidation as a foreign main proceeding primarily to obtain this Court's assistance in obtaining critical discovery from entities subject to the jurisdiction of this Court. Petitioner principally seeks discovery of the Foreign Debtor's own records from banks subject to the jurisdiction of this Court. To wit, Farenco BVI principally transacted business in U.S. Dollars, which transactions cleared through intermediary banks in this judicial District. These banks maintain the records of these wire transfer transactions and those records are critical for Petitioner to gain an understanding of where Farenco BVI's assets and funds were distributed prior to the commencement of the BVI Liquidation proceedings.

3.     Additionally, like Farenco BVI, two entities affiliated with Farenco BVI -- Farenco Transportation Co., Limited ("Farenco Hong Kong") and Farenco Shipping Pte Ltd. ("Farenco Singapore") are registered to do business with New York's Secretary of State and are subject to the unlimited jurisdiction of New York's courts.

4.     Farenco BVI, Farenco Hong Kong and Farenco Singapore (collectively the "Farenco Group") all have (or had) the same Chairman, Mr. Liu Song. As Chairman of each of the Farenco entities, Mr. Song applied on behalf of each for authority to do business in New York. Mr. Song is the sole shareholder and director of Farenco BVI.

5.     Obtaining discovery from Farenco Hong Kong and Farenco Singapore is critical for Petitioner to perform the statutory duties of investigating Farenco BVI assets, any ongoing business, claims, asset transfers and counterparties.

6.     As this Petition and the accompanying Declarations demonstrate, the BVI Liquidation should be properly recognized as a foreign main proceeding. In the event that the BVI Liquidation is recognized as a non-main proceeding, this Court has the discretion to order

4

whatever protections and relief it deems appropriate pursuant to sections 1507 and 1521 of the Bankruptcy Code - including the requested discovery.

7.      As the discovery process generally takes a number of weeks, Petitioner also seeks provisional relief in the form of an order permitting preliminary discovery pending recognition for information that Petitioner believes is time sensitive.   Additionally, there is concern that Farenco Singapore and Farenco Hong Kong may attempt to "de-register" during the interim period so as to avoid discovery.

8.      Petitioner seeks precisely the type of relief that chapter 15 was designed to provide, and the BVI Liquidation and this Petition meet all the requirements for recognition and provisional relief.   In particular, Petitioner was appointed by the BVI Court to administer Farenco BVI's  assets, liabilities, and any ongoing business in connection with the BVI Court-ordered Liquidation of Farenco BVI pursuant to the 2003 Act, a law relating to insolvency or adjustment of debt.

9.      Likewise, the BVI Liquidation is a collective judicial proceeding, subject to the direct control of the BVI Court, encompassing all creditors and stakeholders of Farenco BVI, pending in the British Virgin Islands, the foreign country in which the Foreign Debtor was incorporated, maintains its center of main interests, and where Petitioner is engaged in non-transient economic activity.

10.     Pursuant to section 1516(c) of the Bankruptcy Code, the British Virgin Islands are presumed to be Farenco BVI's center of main interests because Farenco was incorporated there and maintains its registered office there.   This Petition and the accompanying Declarations further demonstrate that Farenco's  counterparties and creditors had clear and actual knowledge that Farenco was a BVI entity.  Since the commencement of the BVI Liquidation, the BVI is the

obvious and demonstrable "nerve center" of Farenco BVI's ongoing liquidation. Hence, the BVI Liquidation is a "foreign main proceeding" within the meaning of sections 101(23), 1502(4), 1516(c), and 1517(b)(1) of the Bankruptcy Code.

11.     This Court recently entered an order recognizing a similar liquidation proceeding of a BVI shipping entity under highly similar circumstances. *See In re Transfield ER Cape Ltd,* 10-106270 (MG) (Bankr. S.D.N.Y. Jan. 13, 2011). *See also In re Fairfield Sentry Ltd.,* 10-13164, 2010 WL 4455879 (Bankr. S.D.N.Y. July 22, 2010) (recognizing the BVI liquidations of various BVI financial entities as foreign main proceedings upon the application of the joint liquidators of those entities); *In re Grand Prix Assocs., Inc.,* No. 09-16545 (DHS), 2009 WL 1410519 (Bankr. D.N.J. May 18, 2009) (recognizing BVI liquidation as foreign main proceeding); *In re Saad Invs. Fin. Co. (No. 5) Ltd.,* No. 09-13985 (KG) (Bankr. D. Del. December 17, 2009) (recognizing Cayman Islands liquidation as foreign main proceeding).

12.     For all of these reasons and as will be shown below, Petitioner respectfully submits that: (i) recognition of the BVI Liquidation would not be contrary to public policy under Bankruptcy Code section 1506; (ii) the BVI Liquidation is a foreign main proceeding within the meaning of sections 101(23) and 1502(4); (iii) Petitioner is a duly appointed foreign representative of Farenco BVI within the meaning of section 101(24); and (iv) Petitioner and the Petition comply with all the requirements of section 1515 and Bankruptcy Rule 1007(a)(4). Under the circumstances, this Court should enter an order recognizing the BVI Liquidation as a foreign main proceeding under section 1517(b)(l), or in the alternative, as a foreign non-main proceeding under section 1517(b)(2) of the Bankruptcy Code, and granting appropriate relief as set forth in sections 1507, 1520 and 1521 of the Bankruptcy Code.

13. Finally, as will be demonstrated below, this Petition and the facts of this case satisfy the criteria for provisional relief as set forth in section 1519(e). Specifically, Petitioner can demonstrate that irreparable harm may occur absent immediate issuance of a temporary restraining order, there is a likelihood of success that the recognition application will be granted, and the equities weigh decidedly in favor of granting provisional relief here.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and sections 109 and 1501 of the Bankruptcy Code.

15. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410(3) because Farenco BVI is registered to do business in New York, and the majority if not all of the entities from whom Petitioner will be seeking discovery are subject to jurisdiction in this judicial district.

16. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

## FACTUAL BACKGROUND

### Farenco's Business

17. Farenco BVI was incorporated under the laws of the British Virgin Islands on November 16, 2004, Company Number 624720. Carter Declaration ¶ 10 & Ex. 1. Farenco BVI's registered office is at Commonwealth Trust Limited, Yamraj Building, Road Town, Tortola, British Virgin Islands. Carter Declaration ¶ 10 and Carter Ex. 2 (copies of Farenco BVI's memorandum and articles of association and certificate of incorporation).

18. Farenco was principally a time-charter operator of bulk cargo ships, it is understood was a major player in the world-wide transportation of commodities and was engaged in other maritime transactions including Forward Freight Agreements.

19.     In 2008, the market for transportation of cargo suffered a dramatic collapse as a result of the global economic downturn.  At that time, the Baltic Dry Index, which measures average global freight prices for the transportation of bulk goods, collapsed, and the price of carrying bulk goods and the demand for carriage of bulk goods dropped significantly.  As a result, Farenco BVI's profitability deteriorated and ultimately it could not pay its debts as they became due.  *Id.* ¶ 12.

20.     It appears that Farenco BVI's counterparties were internationally-based ship owners, commodity traders, cargo shippers and other time-charter operators similar to Farenco BVI.  A number of these time-charter operators, including Transfield ER Cape Limited, Britannia Bulk PLC, Britannia Bulkers A/S, and Armada (Singapore) Pte Ltd., faced similar financial difficulties that ultimately led to insolvency proceedings in their home jurisdictions and the filing of chapter 15 proceedings in this district.[2]  Insolvency proceedings were commenced with respect to these entities in their home jurisdictions, and subsequently were recognized as foreign-main proceedings in the United States pursuant to chapter 15.  Furthermore, Agrenco Madeira Comercio International CDA ("Agrenco"), one of Farenco BVI's largest known creditors and also in the shipping business, suffered similar financial troubles and was placed into liquidation in London, England.

21.     Farenco BVI has ceased operations.  Therefore Farenco's primary remaining interests consist of prosecuting and defending claims in arbitration and litigation.  *Id.*

22.     Farenco BVI also maintained bank balance(s) in various jurisdictions.  To date, Petitioner has located a Farenco BVI account at HSBC Hong Kong.  The proceeds of that

---

[2] *See In re Transfield ER Cape Limited*, No. 10-16720 (MG) (Bankr. S.D.N.Y. 2010); *In re Britannia Bulkers A/S*, No. 08-15187 (REG) (Bankr. S.D.N.Y. 2009); *In re Armada (Singapore) Pte Ltd.*, No. 09-10105 (JMP) (Bankr. S.D.N.Y. 2009); *In re Britannia Bulk Plc*, No. 08-14543 (REG) (Bankr. S.D.N.Y. 2008).

account have been transferred from HSBC Hong Kong to the Farenco BVI Liquidation account in British Virgin Islands, which account is under Petitioner's control. *Id.* ¶ 15.

**The Farenco BVI Liquidation and BVI Insolvency Law**

23.    On April 28, 2011, Agrenco (In Liquidation) ("Agrenco") made an application to the BVI Court for an order under the 2003 Act placing Farenco BVI in liquidation and for the appointment of a Liquidator. *Id* ¶ 17.

24.    On May 30, 2011, the BVI Court issued an order placing Farenco BVI into liquidation and appointing Petitioner as liquidator (the "Liquidation Order"). *Id.* ¶ 18 and Ex. 1 (a certified copy of the Liquidation Order).

25.    Entry of the Liquidation Order resulted in the commencement of a foreign proceeding as defined in 11 U.S.C. § 101(24).

26.    As set forth in section 184 of the 2003 Act, a liquidator appointed under the 2003 Act is required to locate, preserve, gather in, and realize the world-wide assets of the debtor entity for the benefit of creditors. Carter Declaration. ¶ 20; Ng Declaration ¶ 11 & Ex. 1.

27.    Pursuant to section 175(1)(b) of the 2003 Act, upon commencement of the BVI Proceedings, the directors and officers of the debtor cease to have any power. To that end, section 175 of the 2003 Act provides that, upon commencement of a liquidation proceeding, "the directors and other officers of the company remain in office, but they cease to have any powers, functions or duties other than those required or permitted by [Part VI of the 2003 Act]." Carter Declaration. ¶ 21; Ng Declaration ¶ 21.

28.    In practice, aside from their residual power to contest the liquidation (which has not been exercised here) the directors of Farenco BVI ceased to have any powers upon the

appointment of the Liquidator. Similarly, the responsibility for the management of Farenco BVI now is vested with the Liquidator, subject to supervision by the BVI Court. Carter Declaration. ¶ 22; Ng Declaration ¶ 25.

29.     The BVI Liquidation is not for the benefit of any single creditor. Rather, it operates to resolve and determine the rights of all claimants and stakeholders of the debtor. *See, e.g.,* 2003 Act, section 207 (providing for the payment of classes of admitted claims and expenses in accordance with statutory priorities, and if the amount available for such claims is insufficient to pay claims in full, directing ratable payment by class). Any person or entity with a claim against Farenco BVI may assert such claim in the BVI Liquidation. Carter Declaration. ¶ 23; Ng Declaration ¶ 18.

30.     The 2003 Act and the Liquidation Order together enumerate the Liquidator's powers. The Liquidator is empowered to carry out all the functions and duties of a liquidator under the 2003 Act including the power to:

a.  Pay any class of creditors in full.

b.  Make a compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging that they have any claim against the company, whether present or future, certain or contingent, ascertained or not.

c.  To compromise, on such terms as may be agreed

  i.  Calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the company and any person; and

  ii.  Questions in any way relating to or affecting the assets or the liquidation of the company;

  iii.  And take security for the discharge of any such call, debt, liability or claim and give a complete discharge in respect of it.

d. To commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the company in the British Virgin Islands and elsewhere.

e. To carry on the business of the company so far as may be necessary for its beneficial liquidation.

f. To sell or otherwise dispose of property of the company.

g. To do all acts and execute, in the name and on behalf of the company, any deeds, receipts or other documents.

h. To use the company's seal.

i. To prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against his estate, and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance, as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors.

j. To draw accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the company with the same effect with respect to the company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business.

k. To borrow money, whether on the security of the assets of the company or otherwise.

l. To take out in his official name letters of administration to any deceased member or past member or debtor, and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently done in the name of the company.

m. For the purpose of enabling the Liquidators to take out letters of administration or do any other act under this paragraph, to be due to the Liquidators themselves.

n. To call meetings of creditors or members for

    i. The purpose of informing creditors or members concerning the progress of matters arising in the liquidation;

    ii. The purpose of ascertaining views of creditors or members on any matter arising in the liquidation; or

    iii. Such other purpose connected with the liquidation as the Liquidators consider fit.

o. To appoint a solicitor, accountant or other professionally qualified person to assist him in the performance of his duties.

p. To appoint an agent to do any business that the Liquidators are unable to do themselves, or which can be more conveniently done by an agent.

*See* Carter Declaration ¶ 24 ; Ng Declaration ¶ 12 & Ex. 1.

31.    BVI Court approval must be obtained before the Liquidator can exercise any of the first four powers (listed at paragraphs 24 (a)-(d)). *See* Carter Declaration. ¶ 25; Ng Declaration ¶ 13 & Ex. 1, 2003 Act §186(3). The other powers enumerated in the Liquidation Order may be exercised without specific, prior BVI Court approval, but any such actions are always subject to BVI Court review. Ng Declaration. ¶ 13; Carter Declaration ¶ 25.

32.    BVI Liquidation proceedings are fair and equitable. All creditors have an opportunity to be heard by the BVI Court and no creditor will be prejudiced because it is based outside the BVI. Ng Declaration ¶ 17.

33.    The powers of the Liquidator are broadly comparable to those of a trustee under chapter 7 of the United States Bankruptcy Code. The Liquidator is further empowered to continue wind up operations of Farenco BVI subject to the BVI Court's approval, including maximization of the value of the estate for creditors. Carter Declaration ¶ 26; Ng Declaration ¶ 33.

34.    Pursuant to BVI law, the Liquidator is under an affirmative duty to, among other things, secure books and records of the Foreign Debtor. Carter Declaration ¶ 20; Ng Declaration ¶ 24.

35.    The Liquidator has further obtained an order of the BVI Court specifically authorizing the Liquidator to Petition the Courts of the United States of America "in the name and on behalf of the Company [Farenco BVI] for the purposes of obtaining discovery against

and/or in relation to the affairs of the Company, Farenco Shipping Pte Ltd (Singapore) and Farenco Transportation Co Ltd. and their associates." Carter Declaration ¶ 27 & Ex. 3.

36.     A bank account in the BVI was established by the Liquidator in the BVI to handle Farenco BVI's remaining receivables and any other liquid assets collected from around the world. The most significant realization in the liquidation to date are the funds in that BVI account, which is controlled by the Liquidator. Carter Declaration ¶ 29.

37.     The Liquidator is responsible for calling and chairing creditors' meetings. To date, the Liquidator and his staff have conducted several telephone conferences with counsel for creditor Agrenco (in liquidation). The Liquidator has recently been made aware of two additional potential creditors based in the UK (though no claim has been received by the liquidator. The Liquidator intends to call and supervise periodic creditor meetings. These meetings will likely occur in the BVI, but could conceivably be held elsewhere if the creditors collectively so choose. To the extent such meetings are held in the BVI, it will be possible to participate telephonically for the convenience of creditors. The first meeting of creditors will be held in the BVI as soon as practicable. Carter Declaration *Id.* ¶ 30 - 32.

38.     From the BVI, the Liquidator and his staff, including Mr. John Ayres, are responsible for managing and coordinating Farenco BVI's ongoing business. At present, that business consists mainly of prosecuting and defending claims with respect to Farenco BVI's business. These claims largely consist of litigations and arbitrations with respect to Farenco BVI.

39.     The Liquidator and his staff are also actively pursuing, obtaining and transferring the remaining known assets of Farenco BVI located around the world to the BVI. Accordingly, they are coordinating with banks, attorneys and counterparties world-wide from the BVI.

**Farenco Always Represented that it was a BVI Company**

40.     Prior to Liquidation, Farenco BVI consistently represented itself to its counterparties as being a BVI company.  Carter Declaration ¶ 44.

41.     In charterparties where Farenco BVI acted as charterer or subcharterer, Farenco BVI was described as "Farenco Shipping Co. Ltd. as Charterers of the City of BVI." *Id.* ¶ 45.

42.     Counterparties to contracts entered into with Farenco BVI clearly had knowledge that Farenco BVI was a BVI entity and addressed correspondence and invoices to "Farenco Shipping Co., Ltd. BVI." *Id.* ¶ 46

43.     Actions brought against Farenco BVI in the U.S. District Court for the Southern District of New York show that at least some companies dealing with Farenco BVI had full knowledge that it was a BVI corporation. *Id.* ¶ 47

44.     In matters filed in the U.S. District Court for the Southern District of New York by Farenco BVI, it was stated that that "[a]t all material times Plaintiff [Farneco BVI] was and is now a British Virgin Islands Company." *Id.* ¶ 48.

45.     The documents mentioned above are entirely typical of Farenco BVI's agreements with third parties.  Contracts of this type were at the heart of Farenco BVI's business, and the way in which Farenco BVI described itself and allowed itself to be described in such contracts would have been the main source of information available to any third party seeking to ascertain Farenco's whereabouts. *Id.* ¶ 50.

46.     Farenco BVI's creditors and debtors considered and continue to consider Farenco BVI to be based in the BVI. *Id.* ¶ 51.

47. Agrenco, the creditor whose petition ultimately resulted in the Liquidation Order, similarly sought to obtain payment from Farenco by making a winding-up petition in the BVI. *Id.* ¶ 53.

48. Other than Agrenco, Farenco BVI's most significant creditors and/or counterparties are the parties to arbitrations and litigations in which Farenco BVI is involved. Some of these parties have acknowledged the BVI Liquidation and have been corresponding with Petitioner regarding next steps.

49. It is believed that Farenco BVI's officers and directors did not reside in the BVI. Regardless, as stated above, BVI law dictates that upon liquidation, a liquidator displaces officers and directors with respect to their duties. The Liquidator, who now is winding up Farenco BVI's business and locating its assets, resides in and executes his powers and duties from, the BVI. *Id.* ¶ 55.

## PARTIES POSSESSING DISCOVERABLE INFORMATION SUBJECT TO THIS COURT'S JURISDICTION

50. Entities subject to the general jurisdiction of this Court are in possession of documents, records, electronic correspondence and banking information relating to the Foreign Debtor's property, financial and/or legal affairs. These entities specifically include Farenco BVI's former U.S. legal counsel. The known legal actions involving Farenco BVI in this District are listed in the Power Declaration at ¶ 3.

51. Wire transfers in U.S. Dollars to and from parties anywhere in the world are processed by so-called "intermediary" banks located in New York. Carter Declaration at ¶ 66.

52. Petitioner is not seeking to seize or otherwise interfere with wire transfers. Petitioner is seeking information about previously executed wire transfers only. Power Declaration at ¶ 15.

53. Petitioner seeks records of those wire transfers that occurred prior to and immediately after Farenco BVI was placed in liquidation to ascertain where Farenco BVI funds were disbursed, transferred or otherwise dissipated. In essence, Farenco BVI merely seeks to obtain its own information. Carter Declaration ¶ 66.

54. Such records are maintained by the intermediary banks and are frequently produced by the banks in response to discovery requests. Power Declaration ¶ 17.

55. Former management of Farenco BVI have been less than fully cooperative with respect to the BVI Liquidation in that, despite the Liquidator's request, they have not yet turned over meaningful information concerning Farenco BVI's finances, assets or remaining affairs. Therefore, the intermediary banks which processed most all of Farenco BVI's business transactions hold critical information. The BVI Court has expressly authorized Petitioner to obtain precisely this type of information, and to seek this Court's assistance in doing so. Carter Declaration ¶ 27, 66, 70 and Ex. 3.

56. Additionally, Farenco Singapore and Farenco Hong Kong are subject to the jurisdiction of this Court. Upon information and belief, the Farenco entities were operated as a close-knit network of shipping entities under the direct control and close supervision of Mr. Liu Song. It is highly likely that Farenco Singapore and Farenco Hong Kong maintain records, documents, emails and other discoverable information relevant to the Farenco BVI liquidation. It is also critical that these entities be enjoined from destroying or withholding any such records that they may possess. Carter Declaration ¶ 72.

## RELIEF REQUESTED

57. The Petitioner seeks entry of an Order of this Court pursuant to sections 105(a), 1507, 1517, 1520, and 1521 of the Bankruptcy Code, substantially in the form of the proposed order attached hereto as Ex. A (the "Proposed Recognition Order"), granting the following relief:

i.    Recognizing of the BVI Liquidation as a foreign main proceeding as defined in section 1502(4) of the Bankruptcy Code;

        1. Or in the alternative, recognizing of the BVI Liquidation as a foreign non-main proceeding as defined in section 1502(5) of the Bankruptcy Code;

ii.    Granting relief automatically and as of right upon recognition of a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code as set forth in the proposed recognition order, Ex. A hereto including,;

iii.    Granting additional relief as authorized by section 1521 of the Bankruptcy Code - to wit-authorizing Petitioner, to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations or liabilities of Farenco BVI by:

        1. obtaining discovery from and/or in relation to the affairs of Farenco Shipping Pte Ltd. (Singapore) and Farenco Transportation Co. Ltd. and their associates as all such information is required in the BVI Liquidation under the law of the United States;

        2. obtaining discovery from intermediary banks in New York that process U.S. dollar wire transfers to ascertain the location and movement of Farenco BVI assets prior to and immediately after the commencement of the liquidation of Farenco BVI;

        3. Upon written request served by the Foreign Debtor, through its counsel Holland & Knight LLP, obtaining turnover of any and all documents, records, filings, or other information, however stored, including but not limited to emails, from any person or entity subject to this Court's jurisdiction, including but not limited to Farenco BVI's former legal advisors and Farenco BVI's related entities;

        4. enjoining all persons and entities subject to the jurisdiction of this Court from destroying, secreting, altering, deleting or otherwise disposing of any documents, records, filings, or other information, however stored, concerning or relating to the affairs of Farenco BVI;

iv.    Otherwise granting comity to and giving full force and effect to the BVI Liquidation; and

v.       Awarding the Liquidator such other and further relief as this Court may deem just and proper.

58.     Pending the entry of an order on recognition, Petitioner seek the following provisional relief pursuant to sections 105(a) and 1519 of the Bankruptcy Code:

a. immediate entry of an order to show cause substantially in the form of Ex. B hereto (the "Order to Show Cause"), pending the hearing on the Liquidator's Petition for recognition under Chapter 15 of the BVI Liquidation, (i) temporarily enjoining all entities and persons subject to this Court's from jurisdiction destroying, secreting, altering, deleting or otherwise disposing of any documents, records, filings, or other information, however stored, concerning or relating to the affairs of Farenco BVI, and (ii) authorizing Petitioner to immediately commence discovery as set forth in paragraph 58(iii)(1-3)

b. entry of an order substantially in the form attached hereto as Ex. C (the "Provisional Relief Order"),

   i. (i) temporarily enjoining all entities and persons subject to this Court's from jurisdiction destroying, secreting, altering, deleting or otherwise disposing of any documents, records, filings, or other information, however stored, concerning or relating to the affairs of Farenco BVI, and directing the turnover of documents, records, or other information relating to foreign debtor, and

   (ii) authorizing Petitioner to immediately commence discovery as set forth in paragraph 58(iii)(1-3)

## BASIS FOR RECOGNITION

59. Section 1517 of the Bankruptcy Code mandates entry of an order recognizing a "foreign proceeding" if, after notice and a hearing, it appears that recognition will not undermine U.S. public policy and: "(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515." 11 U.S.C. § 1517(a).

60. Each of those requirements is met here, and entry of an order in the form of Ex. A will significantly aid the Liquidator's efforts to administer Farenco BVI's assets and liabilities, continue Farenco BVI's wind up of any ongoing business affairs and proceedings to benefit Farenco BVI's creditors, and ensure a fair and equitable treatment of and greater distribution to Farenco BVI's creditors.

## A. The BVI Liquidation is a Foreign Proceeding and the Liquidator is a Foreign Representative

61. Section 101(23) of the Bankruptcy Code defines a foreign proceeding as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

62. This definition incorporates the term foreign representative, which is defined as "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24). There is no question that the BVI Liquidation meets all of these requirements.

63. First, the BVI Liquidation is a judicial proceeding in a foreign country, the BVI, subject to the control and supervision of the BVI Court. All claims against Farenco BVI may be submitted in the BVI Liquidation and all claimants have the right to access the BVI Court and appeal decisions of the Liquidator. Moreover, as described in detail above, critical functions of

the Liquidator, including the settlement of claims, distribution of assets and determination of the priority of creditors may only be exercised with the explicit consent of the BVI Court.

64. Second, the BVI Liquidation is being conducted by the Liquidator, who was appointed by the BVI Court pursuant to the 2003 Act to liquidate Farenco BVI according to the provisions of the 2003 Act. As such the Liquidator is a "person" authorized to administer the reorganization and/or liquidation of Farenco BVI's assets and affairs within the meaning of section 101(24).

65. Third, the law governing the BVI Liquidation, the 2003 Act, specifically relates to "insolvency or adjustment of debt." 11 U.S.C. §101(23). The full name of the 2003 Act is the "Virgin Islands Insolvency Act of 2003," and it sets out the rules for administering the liquidation of an entity under BVI Law. *See* Ng Declaration Ex. 1.

66. Finally, the BVI Liquidation is "collective" because it "considers the rights and obligations of all creditors." *In re Betcorp Ltd.*, 400 B.R. 266, 281 (Bankr. D. Nev. 2009). As set forth in the Carter Declaration, the Liquidator is presently in the process of collecting and assessing claims from all of Farenco BVI's creditors. Carter Declaration ¶ 29 - 33.

67. The Liquidator has participated in several phone conversations with creditor Agrenco's UK-based legal counsel. *Id.* at ¶ 54.

68. The Liquidator has not yet held a formal creditor meeting in the BVI (or elsewhere). *Id.* at ¶ 32

69. The creditor meetings will take place in the BVI, unless creditors consensually choose another location. Creditors will be able to participate telephonically in any creditor meeting held by the Liquidator in the BVI. *Id.* at ¶ 32.

70. This Court recently recognized a similar BVI liquidation of a similarly structured BVI-incorporated shipping entity under highly similar circumstances. *See In re Transfield ER Cape Ltd,* 10-106270 (MG) (Bankr. S.D.N.Y. Jan. 13, 2011). In *Transfield* the numerous creditors of Transfield had brought proceedings against Transfield in New York and were attempting to execute upon assets of Transfield in New York and elsewhere. The Court stayed all actions, granted recognition to the proceeding, and ultimately directed turnover of Transfield's assets to the BVI-based liquidation. The relief requested by Petitioner here is far less disruptive and Petitioner does not anticipate any opposition.

71. Similarly, Judge Lifland recently recognized a BVI liquidation proceeding of BVI financial entities as a "foreign proceeding" and accorded to the joint liquidators of those proceedings the status of foreign representatives for the purposes of chapter 15. *See In re Fairfield Sentry Ltd.,* 2010 WL 4455879 (Lifland, J.). The Bankruptcy Court for the District of New Jersey likewise recognized a similar petition by a BVI entity. *See In re Grand Prix Assocs., Inc.,* No. 09-16545 (DHS), 2009 WL 1410519 (Bankr. D.N.J., May 18, 2009). This Court should find that the BVI Liquidation at issue here qualifies as a foreign proceeding and that Petitioner qualifies as a foreign representative for purposes of chapter 15.

## B.    The BVI Liquidation is a Foreign Main Proceeding

72. A foreign proceeding will be recognized as a foreign main proceeding if "it is pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b)(l). Under section 1516(c) of the Bankruptcy Code, "absent evidence to the contrary, the debtor's registered office . . . is presumed to be the center of the debtor's main interests" or its "COMI."

73. Here, Farenco BVI is a company formed pursuant to the laws of the British Virgin Islands, and its registered office is located there. Accordingly, this Court and Petitioner are entitled to rely on the section 1516(c) presumption that the BVI is Farenco BVI's COMI.

74. Petitioner further submits that the facts of this case support a finding that that BVI is Farenco BVI's COMI, and that the 1516(c) presumption should be afforded sufficient weight as it is not rebutted by any evidence to the contrary.

75. It is well-established that in determining an insolvent entity's COMI, courts consider any relevant factors including: (i) the location of the debtor's assets; (ii) the location of the debtor's books and records; (iii) the location of the majority of the debtor's creditors; (iv) the commercial expectations and knowledge of the debtor's creditors; and (v) the location of those who actually manage the debtor. *See In re SPhinX*, 351 B.R. 103 (Bankr. S.D.N.Y. 2006), *aff'd*, 371 B.R. 10 (S.D.N.Y. 2007).

76. As an initial matter, substantial Farenco BVI assets - including its known liquid assets (i.e., Farenco BVI's bank account balance) - are located in the BVI.

77. Farenco BVI's creditors are multinational.

78. Farenco BVI's ongoing business primarily consists of intangible rights in charters and contracts of affreightment, most of which are subject to arbitration or litigation to be controlled and coordinated by Petitioner from the BVI. The debts and credits that will result from these actions will be paid to and from the Liquidator in the BVI. Hence the situs of Farenco BVI's intangible property - the whole of its ongoing business - is in the BVI.

79. Some of Farenco BVI's books and records are in the BVI and the Liquidator is attempting to obtain additional records from the prior Directors and Officers, through United States discovery sought in this Petition.

80. Courts have found that the language of chapter 15 directs them to examine a foreign debtor's COMI as of the instant of the (US) chapter 15 filing. *Cf. In re Ran,* 607 F.3d 1017, 1025 (5th Cir. 2010) (holding that section 1502 defines foreign main proceeding in the <u>present tense</u> as a "foreign proceeding pending in the country where the debtor *has* the center of its main interests") (emphasis in original). *See also Fairfield Sentry,* 2010 WL 4455879 at *3 ("where by necessity and in good faith, a foreign representative relocates all of the primary business activities of the debtor to his location (or brings business to a halt), thereby causing other parties to look to the judicial manager as the location of [the] debtor's business, the debtor's COMI may "become lodged with the foreign representative") (internal quotations and citations omitted).

81. Judge Lifland's recent decision in *Fairfield Sentry,* 2010 WL 4455879 *2-4, is instructive. In support of his decision to recognize the BVI liquidations as foreign main proceedings under chapter 15, he explicitly considered the following activities of the Fairfield debtors' joint liquidators in the BVI: (i) board meetings conducted telephonically by the debtor's counsel in the BVI; (ii) the presence in the BVI of the liquidators' employees and offices, as well as the foreign debtors' books and records; and (iii) the fact that liquidator created an "administrative nerve center" in the BVI for the foreign debtor. *See also Grand Prix Associates,* 2009 WL 1410519 at *8 (BVI was "clearly" the foreign debtors' COMI where debtors had no place of business outside the BVI, the debtors' books and records were located in the BVI and the "necessary operating expenses for entities [was] held in a bank account in the BVI"); *In re Saad Invs. Fin. Company (No. 5) Ltd.,* 09-13985 (Bankr. D. Del. December 17, 2009) (KG) (main recognition was appropriate based upon post-insolvency activities in the Cayman Islands, including creditor involvement, substantial asset management and Cayman-based oversight by the administrator and creditor's committee).

82. In *In re Transfield ER Cape Ltd,* 10-106270 (MG) (Bankr. S.D.N.Y. Jan. 13, 2011), this Court granted main recognition after a showing was made that *inter alia,* the principal liquid assets of Transfield had been relocated the Joint Liquidators' bank account in the BVI, that creditors and counterparties were on notice that Transfield was a BVI entity and that the Joint Liquidators were coordinating ongoing global litigation and asset recovery from the BVI.

83. Here, the Liquidator is engaging in substantial post-liquidation activity from offices in the BVI including: (i) displacing and assuming the duties of the board of directors; (ii) coordinating and directing global litigation concerning Farenco BVI's assets; (iii) conducting a global effort to locate Farenco BVI's assets; (iv) funding these activities from bank accounts located in the BVI, where successful asset realizations have already been deposited; (v) engaging in discussions from the BVI with creditor Agrenco's UK-based legal counsel; and (vi) handling general queries.

84. All of these facts distinguish this action from *In re Bear Stearns,* 374 B.R. 122 (S.D.N.Y. 2007), where chapter 15 recognition of the Cayman liquidation proceedings of several Bear Stearns feeder funds was denied. In that case, the *Bear Stearns* Court noted that no assets of the foreign debtor were located in the Caymans, the funds' books and records were located in New York, the majority of the funds' creditors were U.S. citizens and entities, and perhaps most importantly, there was no evidence that any creditor or investor knew or had reason to know of the Funds' Cayman Islands' registration.

85. By contrast, Farenco BVI's liquid and intangible assets are located in the BVI, as are some of its books and records[3]. Furthermore, as demonstrated above, and fully detailed in the Carter Declaration at ¶ 41 and Exs. 4,5,6,7, there is evidence that Farenco BVI's exclusively

---

[3] A portion of Farenco BVI's books and records are in the BVI. The Liquidator is presently taking steps to ensure that any records in the custody of third parties or outside the BVI are transferred to the BVI.

non-domestic, multi-national counterparties and creditors had <u>actual knowledge</u> that Farenco BVI was a BVI entity. *See In re Chiang,* 437 B.R. 397, 403 (Bankr. C.D.Cal. 2010) ("[t]he location of the COMI is an objective determination based on the viewpoint of third parties (usually creditors)").

86. In *In re Culmer*, 25 B.R. 621, 632 (Bankr. S.D.N.Y. 1982), Judge Lifland recognized a Bahamas liquidation pursuant to chapter 15's predecessor, 11 U.S.C. § 304, where the entities' creditors similarly had actual knowledge they were dealing with a Bahamas entity. He reasoned: "This result is altogether just and appropriate as these creditors dealt freely with [the foreign debtor] and were undoubtedly aware that they were dealing with a [company] incorporated under and subject to foreign law when they first began doing business with [the foreign debtor]." Judge Lifland quoted at length from the Supreme Court's "declaration" in *Canada Railway Co. v. Gebhard* 109 U.S. 527, 537-538 (1883) as follows:

> [E]very person who deals with a foreign corporation impliedly subjects himself to such laws of the foreign government, affecting the powers and obligations of the corporation with which he voluntarily contracts, as the known and established policy of that government authorizes. To all intents and purposes, he submits his contract with the corporation to such a policy of the foreign government, and whatever is done by that government in furtherance of that policy, which binds those in like situation with himself, who are subjects of the government, in respect to the operation and effect of their contracts with the corporation, will necessarily bind him. He is conclusively presumed to have contracted with a view to such laws of that government, because the corporation must of necessity be controlled by them, and it has no power to contract with a view to any other laws with which they are not in entire harmony.

25 B.R. at 632.

87. In sum, Petitioner submits that there is ample evidence and precedent to support the recognition of the BVI Liquidation as a foreign main proceeding.

88. When presented with similar facts and largely the same analytical framework for recognition, Judge Glenn recognized the BVI liquidation of Transfield ER Cape and found that the BVI Liquidation constituted a foreign main proceeding. Petitioner urges this Court to similarly recognize the BVI Liquidation as a foreign main proceeding here.

**C.**     **Alternatively, the BVI Liquidation Should Be Recognized as Foreign Non-Main Proceeding**

89. Section 1502(5) of the Bankruptcy Code defines a foreign non-main proceeding as "a foreign proceeding, other than a foreign main proceeding, pending in a country where the debtor has an establishment." In turn, "establishment" is defined by 11 U.S.C. § 1502(2) as being "any place of operations where the debtor carries out nontransitory economic activity."

90. Petitioner respectfully submits that at a minimum, the Liquidator's activities in the BVI constitute nontransitory economic activity. The Liquidator is continuing the remaining business of Farenco as part of the wind up of its affairs from offices in the BVI.

91. There is no insolvency proceeding other than the BVI Liquidation. Farenco BVI has no known operations anywhere in the world outside of the BVI.

92. There can be no dispute that the BVI Liquidation is a legitimate insolvency proceeding. Under the circumstances and given that Farenco BVI's ongoing business activities are being conducted from the BVI, there are sufficient grounds for this Court to grant non-main recognition to the BVI Liquidation pursuant to chapter 15 and further, to grant Petitioner the discretionary relief requested.

93. By this action, Petitioner is merely acting in accordance with their statutory duty to ensure that the distribution to Farenco BVI creditors is maximized by conducting discovery to ascertain the exact whereabouts of Farenco BVI assets including assets that might have been

improperly dissipated prior to the BVI Liquidation and/or assets that may be found within currently unknown international bank accounts.

### D. The BVI Liquidation Meets All Other Requirements for Recognition

94. In addition to being a foreign main proceeding brought by a duly appointed foreign representative, the BVI Liquidation meets all other requirements for recognition under section 1515. The Petition is accompanied by evidence supporting the existence of a foreign proceeding and a foreign representative, including a copy of the Liquidation Order issued by the BVI Court in English. *See* 11 U.S.C. 1515(b); *see also* Carter Declaration Ex. 1.

95. The Petition is accompanied by a declaration containing the information required by Bankruptcy Rule 1007, including the disclosures required by Bankruptcy Rule 7007.1, a statement indicating that there are no other persons or entities known to the Petitioner that are authorized to administer foreign proceedings with respect to Farenco BVI, a list of all parties to litigation with Farenco BVI in the United States, and a list of all entities against which provisional relief is sought. *See* Carter Declaration, Ex. 8. Likewise the documents supporting the Petition are in English. *See* 11 U.S.C. § 1515(d).

96. Under these circumstances, the Liquidator and the Petition satisfy all of the requirements for recognition of the BVI Liquidation as a foreign main proceeding under chapter 15.

### E. Chapter 15 Authorizes Turnover of Books, Records and Other Information For Main and Non-Main Proceedings

97. Petitioner requests that upon filing this Petition, and/or later upon recognition, this Court order the turnover of all records, books, documents, papers, electronic correspondence, banking information, information relating to claims by or against the Foreign Debtor and any

27

other information relating to Farenco BVI's property or financial affairs by those entities subject to the jurisdiction of this Court.

98. Based on filings reflected on the electronic docket for the U.S. District Court for the Southern District of New York it is highly likely that relevant information concerning Farenco BVI's property and financial affairs is in the possession of attorneys who formerly acted as U.S. legal counsel for Farenco BVI in this District. A list of U.S. legal actions re is identified in the Power Declaration at ¶ 21.

99. This relief is contemplated under sections 1519(a)(2) and (a)(3), 1521 (a)(5) and (a)(7). *See, In re Universal Casualty & Surety Co. Ltd.*, 53 B.R. 891, 905 (Bankr. S.D.N.Y. 1985) (under former section 304, Court issued order "directing all persons and entities within the Southern District of New York which now have or may hereinafter obtain books and records, to forthwith turn over all such books and records to [Cayman Island Liquidator]"); *see also In re 47-49 Charles Street, Inc.*, 1999 WL 177432 (S.D.N.Y. March 30, 1999) ("Title 11, section 521 (4) of the Bankruptcy Code clearly requires the Debtor to surrender its books and records to the trustee, and title 11, section 542(e) extends that requirement to attorneys, accounts and other persons who may hold such books and records").

100. This relief is necessary to protect and preserve the records themselves and allow for the immediate evaluation of the records by Petitioner which will further assist Petitioner in identifying other property of Farenco BVI which may similarly need to be preserved and/or reclaimed.

**F.** **Chapter 15 Authorizes Discovery For Main and Non-Main Proceedings**

101. Irrespective of whether the BVI Liquidation is recognized as a main or as a non-main proceeding, the primary relief requested herein is authorized by section 1521(a)(4) of the Bankruptcy Code.

102. Section 1521(a) provides that "[u]pon recognition of a foreign proceeding, whether main or nonmain, where necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of creditor, the court may, at the request of the foreign representative, grant any appropriate relief including....(4) providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities."

103. Discovery concerning the assets of Farenco BVI is precisely what Petitioner seeks here.

104. In Bankruptcy proceedings such as this, discovery is governed by Rule 2004 of the Bankruptcy Rules.

105. Bankruptcy Rule 2004(a), provides that "[o]n motion of any party in interest, the court may order the examination of any entity." No contested matter or adversary proceeding need be instituted as a prerequisite to conducting an examination and the motion to conduct the examination may be made *ex parte*. 9 *Collier on Bankruptcy* (15th Ed. Revised) (hereafter §2004.01[1] (citing cases). Subsection (b) of Rule 2004 limits the scope of the examination to, *inter alia*, the "acts, conduct or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . ." *See* B.R. 2004(b).

106. Petitioner respectfully submits that the present situation – involving the Liquidator's statutory duty to discover the foreign debtor's assets world wide – is precisely the

scenario Rule 2004 was designed to serve, and therefore discovery pursuant to Rule 2004 of the intermediary banks (non-parties, and mere information holders of the foreign debtor's own transactions) is warranted. *See, e.g. in re Youroveta Home & Foreign Trade Co.,* 288 F. 507 (2d. Cir. 1923) (discussing purpose of Rule 2004's predecessor as enabling the discovery of assets of debtor through examination of any person).

107. Additionally, discovery with respect to Farenco Singapore and Farenco Hong Kong is warranted. Discovery under Bankruptcy Rule 2004 providing for examination of any entity extends beyond debtor to persons associated with debtor, as well as to those who may have had business dealings with debtor. *See e.g., in re John-Manville Corp.,* 42 B.R. 362, 364 (S.D.N.Y. 1984):

> [Rule 2004 contemplates] that creditors and third parties, as well as the debtor, may be examined, *see Chereton v. United States,* 286 F.2d 409, 413 (6th Cir.), *cert. denied,*366 U.S. 924, 81 S.Ct. 1351, 6 L.Ed.2d 384 (1961)... The purpose of a Rule 2004 examination is to allow the court to gain a clear picture of the condition and whereabouts of the bankrupt's estate. *See Cameron v. United States,* 231 U.S. 710, 34 S.Ct. 244, 58 L.Ed. 448 (1914). The examination of witnesses having knowledge of the debtor's acts, conduct, liabilities, assets, etc. is therefore proper, *see In re GHR Energy Corp.,* 35 B.R. 534, 11 B.C.D. 312 (Bankr.D.Mass.1983), and the inquiry may "cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him." *In re Mantolesky,* 14 B.R. 973, 976 (Bankr.D.Mass.1981).

108. Thus, any third party who can be shown to have relationship with debtor can be made subject to investigation by bankruptcy examiner since purpose of investigation is to aid in discovery of assets. *See in re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993) (citing *In re Vantage Petroleum Corp,* 34 B.R. 650, 651 (E.D.N.Y. 1983) and *Sachs v. Hadden,* 173 F.2d 929, 931 (2d. Cir. 1949) for the proposition that "[t]he investigation of an examiner in bankruptcy, unlike civil discovery under Rule 26(c), is supposed to be a 'fishing expedition,' as exploratory and groping as appears proper to the Examiner. Because the purpose of the Rule

2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation").

109.    Here, it is clear that the remaining affiliates of the closely held Farenco Group have a sufficient "relationship" with the foreign debtor to merit discovery.

## BASIS OF APPLICATION FOR PROVISIONAL RELIEF

110.    Section 1519(a) of the Bankruptcy Code expressly permits the Court to grant "relief of a provisional nature" from the time a petition for recognition is filed until the court rules on that petition, where such relief is "urgently needed to protect the assets of the debtor or the interest of the creditors.".

111.    Specifically, section 1519(a) allows the Court to enter relief of the kind requested above, including, *inter alia*, staying execution against the debtor's assets; suspending the right to transfer, encumber or otherwise dispose of any assets of the debtor; entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; providing for the examination of witnesses; or granting any other relief, with certain exceptions, that may be available to a trustee. *Id.; see also* 11 U.S.C. § 1521(a) (3), (4) and (7) (setting forth additional forms of relief allowed under provisional order as incorporated by reference in 11 U.S.C. § 1519(a)(3)).

112.    As set forth above, paragraph (4) of section 1521(a) permits the discovery requested. Hence, Chapter 15 expressly contemplates a court authorizing discovery in the interim period between when a petition for recognition is filed and recognition is granted.  Similarly,

31

sections 1519 and 1521 explicitly contemplate orders designed to protect the debtor's assets - including financial records or other documents.

113.    The relief requested by the Petitioner, the issuance or an order to show cause with *ex parte* temporary relief, and the issuance of an order temporarily restraining all persons and entities from destroying, dissipating, altering or deleting such records and information, is exactly that contemplated by the above provisions. *See* Exs. B & C to this Petition. Indeed, provisional relief has been granted frequently in other chapter 15 cases to foreign representatives. *See, e.g., In re Korea Line*, 08-5450 (RPP) (SDNY); *In re Transfield ER Cape Ltd,* 10-106270 (MG) (Bankr. S.D.N.Y.) *In re Britannia Bulkers A/S,* No. 08-15187 (REG) (Bankr. S.D.N.Y. Jan. 5, 2009); *In re Armada (Singapore) Pte Ltd.,* No. 09-10105 (JMP) (Bankr. S.D.N.Y. Jan. 7, 2009); *In re The Int'l Banking Corp., B.S.C.* No 09-17318 (Bankr. S.D.N.Y., Jan. 5, 2009) (SMB); *In re Britannia Bulk Plc,* No. 08-14543 (REG) (Bankr. S.D.N.Y. Nov. 20, 2008); *In re Alitalia Linee Aeree Italiane S.p.A.*, No. 08-14321 (BRL) (Bankr. S.D.N.Y. Nov. 3, 2008); *In re Afinsa Bienes Tangibles SA*, No. 07-10675 (JMP) (Bankr. S.D.N.Y. March 15, 2007); *In re Daewoo Corp.*, No. 06-12242 (REG) (Bankr. S.D.N.Y. Sept. 25, 2006); *In re Hatteras Reinsurance Ltd.*, No. 06-11304 (JMP) (Bankr. S.D.N.Y. June 8, 2006); *In re Yukos Oil Company*, No. 06-10775 (RDD) (Bankr. S.D.N.Y. April 13, 2006).

114.    Accordingly, Petitioner is entitled to the requested provisional relief in the form of an order directing that such documents and records be preserved and authorizing the immediate commencement of discovery contemplated under Rule 2004.

115.    Accordingly, the requested provisional relief should be granted.

**A.  Petitioner Satisfies the Standards Applicable to an Injunction**

1.  Section 1519(e) provides: "The standards, procedures, and limitations applicable to an injunction shall apply to [a request for provisional] relief under this section." 11 U.S.C.

§1519(e). In the Second Circuit, the party seeking injunctive relief must show that it is likely to suffer irreparable and imminent harm if temporary injunctive relief is not granted and either (i) likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the provisional relief. *See Tinnerello & Sons, Inc. v. Town of Stonington,* 141 F.3d 46, 51-52 (2d Cir. 1998); *In re Lines,* 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988). Those standards are all satisfied in this case.

### *1. Irreparable Harm*

116.    As with most shipping-related chapter 15 actions filed in this country, this filing will be reported by maritime industry press and newspapers. Carter Declaration ¶ 71; Power Declaration ¶ 11.

117.    Upon learning of this action, the Liquidator is concerned that Mr. Liu Song will act to preserve or otherwise insulate Farenco Singapore and Farenco Hong Kong from any potential exposure to claims by the Liquidator. The basis of this concern are representations by Mr. Liu Song to the Liquidator via email (farencolegal@gmail.com) that one of these two entities or another entity controlled by Mr. Song is currently in possession of the books and records and other operational and financial data of Farenco BVI. The Liquidator believes this to be the case because Mr. Liu Song has indicated to the Liquidator that Farenco BVI was merely a shell company and did not "own" any assets/books and audit reports. The Liquidator believes the books and records needed to carry-on a company like Farenco BVI and process the large monetary transactions associated with operating a chartering and commodity trading enterprise are under the control of and in possession of Mr. Liu Song through another Farenco Group entity. Moreover, despite the Liquidator's requests to Mr. Liu Song, no books and records have been produced leading the Liquidator to believe that they may be destroyed or at the risk of

being or otherwise made unavailable to the Liquidator without further protection from this Court. Once this Petition is filed, the Liquidator believes that a request will be made to the various New York attorneys to return all files for Farenco BVI, Farenco Singapore and Farenco Hong Kong to China.

118.    Based upon a review of the registration filings made by the Farenco Group entities to the New York State Department of State, Corporations Division, there appears to have been joint representation of these three Farenco Group entities. The Liquidator's request for preservation of Farenco BVI's records in the possession or control of Farenco Singapore, Farenco Hong Kong and former U.S. counsel for Farenco BVI is sought to prevent the destruction, alteration, or removal of Farenco BVI related documents that may be intermingled in any jointly maintained files of Farenco Group's former U.S. counsel. Accordingly the relief sought is urgently needed to protect the integrity of BVI Liquidation process and ensure that the Liquidator may obtain the documents and records necessary to effectuate his statutory duties. Carter Declaration ¶ 71; Power Declaration ¶ 13.

119.    Additionally, it is possible that Farenco Singapore and Farenco Hong Kong will "de-register" (i.e. relinquish their authorization to do business in the State of New York). If discovery is not served before this occurs, there will be an additional and unnecessary layer of process and expense associated with the discovery. Carter Declaration ¶ 71; Power Declaration ¶ 14.

120.    Moreover, Petitioner expects to obtain sensitive information concerning transfers of Farenco BVI assets to other entities. Petitioner will have a limited time to act upon this information before it becomes dated and before those who might be in possession of Farenco

BVI assets have an opportunity to dissipate or otherwise make the assets unavailable for recovery by the Liquidator. Carter Declaration ¶ 73; Power Declaration ¶ 19.

### *2. Likelihood of Success on the Merits*

121.  Petitioner incorporates by reference the foregoing paragraphs of this Petition, which fully set forth the factual and legal bases for the chapter 15 relief sought by Petitioner, as if fully set forth herein.

122.  In summary, there is ample evidence and legal precedent to support the following findings:

a. that the Petitioner is a foreign representative;

b. that the BVI Liquidation is a foreign proceeding;

c. that Farenco BVI is a BVI entity that maintains its registered office in the BVI;

d. that Farenco BVI is entitled to a statutory presumption that the BVI is Farenco BVI's COMI;

e. that the facts of this case further support a finding that the BVI is Farenco BVI's COMI because Farenco BVI's assets, accounts, books, records, and ongoing liquidation business are all in the BVI, and because Farenco's creditors and counter-parties (i) had actual knowledge they were dealing with a BVI entity and (ii) are participating in the BVI Liquidation;

f. that this Court and the Bankruptcy Court for the District of New Jersey have recently recognized BVI liquidation proceedings, similar to the BVI Liquidation at issue here, as foreign main proceedings;

g. that Farenco BVI is engaged in non-transitory economic activity in the BVI;

h.  that sections 1519 and 1521 of the Bankruptcy Code authorizes this Court to issue all of the relief requested the event that the BVI Liquidation is held to be a non-main proceeding;

i.  that this Petition otherwise meets all of the requirements for recognition under chapter 15 of the Bankruptcy Code.

### *3. Balance of Hardships*

123.  The equities weigh strongly in favor of granting Petitioner the requested provisional relief.  As set forth above, Petitioner essentially seeks to protect and discover the Foreign Debtor's own records.  No parties' legitimate interests will be harmed by this provisional relief.  Moreover, if any party objects to the discovery or turnover of the Foreign Debtor's information, they will have ample opportunity to raise any such objection before this Court.

124.  By contrast, the potential harm to Petitioner if the provisional relief is not granted is substantial, and is fully set forth foregoing paragraphs, and in the supporting Power and Carter Declarations.   Accordingly, the Petitioner is entitled to the requested provisional relief.

## REQUEST FOR WAIVER OF LOCAL BANKRUPTCY RULE 9013-1(b)

125.  It is respectfully requested that this Court waive and dispense with the requirement set forth in Rule 9013-l(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York that any motion filed shall be accompanied by a memorandum of law on the grounds that the relevant authorities in support of the Verified Petition and Application for Provisional Relief are contained herein.

## HEARING DATES AND NOTICES

126.    Section 1517(c) requires that "a petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time." Bankruptcy Rule 2002 sets forth a twenty-one-day notice requirement to parties in interest with certain exceptions to approve the Petition. If no objections to this Petition are filed by the date ordered for such objections, Petitioner requests that the Court enter the Proposed Order recognizing the Administration as a foreign main proceeding without a hearing pursuant to Local Rule 2002-1.

127.    Petitioner further requests that the Court set the date for a hearing on its request for recognition by order to show cause (the "Hearing Date") with *ex parte* relief in the form of the authority to conduct full discovery. If no objections to this Application are filed by the date ordered for such objections, and none are expected, the Petitioner requests that the Court enter the proposed order granting recognition without a hearing, pursuant to Local Rule 2002-1.

128.    The Petitioner proposes that once a Hearing Date has been set by the Court, notice will be given as reasonable and appropriate under the circumstances. Specifically, the Petitioner proposes serving copies of the Petition and related documents by United States mail, first-class postage prepaid, by overnight courier, by electronic mail, or by hand delivery where practicable, upon all known creditors and all other parties against whom relief is sought (or their counsel or registered agent for service of process), including any such parties (or counsel) that have addresses outside the United States, in accordance with Bankruptcy Rules 1010 and 7004(a) and (b) within three (3) business days after the order to show cause is entered.

129.    Petitioner submits that such notice and service is reasonable and proper under the circumstances, and that no other or further notice is necessary or appropriate.

130.    No previous application for the relief requested in this Petition has been made in this or any other court in the United States.

## CONCLUSION

WHEREFORE, the Petitioner respectfully requests that this Court enter Orders, substantially in the form of Exhibits A, B, and C hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: New York, New York
       August 31, 2011

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _____
James H. Power, Esq.
Warren E. Gluck, Esq.
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: 212-513-3200
Telefax: 212-385-9010
Email: james.power@hklaw.com
      warren.gluck@hklaw.com

*Counsel for Farenco Shipping Co. Ltd. (In Liquidation)*

#10575253_v1

# VERIFICATION

I, NICHOLAS CARTER, hereby certify and verify under penalty of perjury pursuant to 28 U.S.C. 1768 that (i) I am a duly appointed liquidator of Farenco Shipping Co. Ltd. and am fully familiar with the matters set forth in the attached petition; and (ii) the factual statements set forth therein are true and correct to the best of my knowledge.

Dated: August 29th, 2011

_____
Nicholas Carter