UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 15 |
|  | : |  |
| FARENCO SHIPPING CO. LTD., | : | Case No. 11-_____ (___) |
|  | : |  |
| Debtor in a | : |  |
| Foreign Proceeding. | : |  |
|  | : |  |
|  | : |  |

------------------------------------------------------------x

**DECLARATION OF NICHOLAS CARTER PURSUANT TO
11 U.S.C. § 1515 IN SUPPORT OF (1) PETITION FOR ENTRY OF AN ORDER
RECOGNIZING FOREIGN MAIN PROCEEDING AND GRANTING FURTHER
RELIEF; AND (2) APPLICATION FOR PROVISIONAL RELIEF**

Nicholas Francis James Carter (hereinafter referred to as "Nicholas Carter"), pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury under the laws of the United States, as follows:

1.        I am the liquidator (the "Liquidator" or "Petitioner") of Farenco Shipping Co., Ltd ("Farenco BVI" or the "Foreign Debtor")), a company undergoing liquidation before the Commercial Division of the High Court of Justice (the "BVI Court"), case number 2011/0051 (the "BVI Liquidation"), pursuant to the Insolvency Act of 2003 of the British Virgin Islands (the "2003 Act").[1]

2.        I respectfully submit this declaration in support of (i) the Liquidator's petition seeking recognition of the BVI Liquidation pursuant to either 11 U.S.C. §1517(b)(1) or (2) as a foreign main or foreign non-main proceeding, and (ii) Petitioner's Ex Parte Application for Provisional Relief Under 11 U.S.C. §§1519(a) and 1521(a) (the "Application").

---

[1] Relevant provisions of the 2003 Act are annexed as Exhibit 1 to the Declaration of Ray Ng ("Ng Declaration"), filed together with this declaration.

3.     I am managing director of PricewaterhouseCoopers (BVI) Limited. ("PwC"), having its address at Level 2 Palm Grove House, Road Town, Tortola, British Virgin Islands and I am duly authorized to make this declaration as Liquidator of Farenco BVI.  PwC is a member firm of PricewaterhouseCoopers International Limited, a large and respected network of accounting firms, each member firm of which is a separate legal entity.  Unless otherwise indicated, all statements contained herein are true and based upon personal knowledge or my review of relevant documents.

4.     I am familiar with the Model Law on Cross-Border Insolvency, adopted by the United Nations Commission on International Trade Law (UNCITRAL), and approved by a resolution of the United Nations General Assembly on 15 December 1997 (the "Model Law").

5.     Pursuant to the 2003 Act, court-appointed liquidators - such as myself - are officers of the BVI Court. *See* 2003 Act §184, Ng Declaration, Ex. 1 (providing that a liquidator in a BVI liquidation proceeding acts as an officer of the BVI Court).  Therefore, I make this declaration as an officer of the BVI Court, and request an extension of comity for the benefit of all Farenco BVI creditors, whose interests I also represent.

6.     On May 31, 2011, the BVI Court entered an order directing that (i) Farenco BVI would be wound up by the BVI Court in accordance with the provisions of the 2003 Act, and (ii) appointed me as Liquidator of Farenco BVI (the "Liquidation Order").  A true and correct copy of the Liquidation Order is attached hereto as Exhibit 1.

7.     I am performing my duties as Liquidator of Farenco BVI in and from the BVI, which is where I reside.

8.     For the reasons discussed below, I believe that: (i) the Liquidator qualifies as a "foreign representative" of the BVI Liquidation, and the BVI Liquidation constitutes  a "foreign

proceeding" as per 11 U.S.C. §§101(23) and (24), respectively; (ii) this case was properly commenced in accordance with the requirements of chapter 15; (iii) the BVI Liquidation is a "foreign main proceeding" within the meaning of 11 U.S.C. §§ 1502(4) and 1517 (b)(1); and (iv) preliminary relief in the form of immediate discovery is of the utmost importance and warranted here.

9.      In addition, and as set forth in the Petition, I submit that the requested provisional relief is necessary in order to protect assets of Farenco BVI that may be in the U.S. and to maintain the status quo.   In particular, provisional relief in the form of an order authorizing discovery is required to fully identify, prevent dissipation, and improper use of Farenco BVI assets by entities subject to New York jurisdiction including, but not limited to, Farenco Transportation Co., Limited ("Farenco Hong Kong") and Farenco Shipping Pte Ltd. ("Farenco Singapore") - entities affiliated with debtor Farenco BVI.   I am advised that this relief is specifically permitted under 11 U.S.C §§1519, 1521(a)(3), 1521 (a)(4) and 1521 (a)(7) and that these circumstances warrant such relief.

## Farenco BVI's Business

10.      Farenco BVI was incorporated under the laws of the British Virgin Islands under Company Number 624720 on 16 November 2004.   True and correct copies of Farenco BVI's memorandum and articles of association and certificate of incorporation are attached hereto as Exhibit 2.   Farenco BVI's registered office is at Commonwealth Trust, PO Box 3321, Yamraj Building, Road Town, Tortola, British Virgin Islands.

11.      Farenco BVI, to my knowledge, was at all material times a time-charter operator of bulk cargo ships and I understand it was a major player in the world-wide transportation of

bulk commodities such as iron, coal and steel and engaged in commodity trading activities. In 2007, during the height of the global commodities boom, Farenco BVI was active in these businesses.

12.    I am informed that in 2008, the market for transportation of bulk cargo suffered a dramatic collapse as a result of the global economic downturn; the Baltic Dry Index, which measures average global freight prices for the transportation of bulk goods, collapsed. Both the price of carrying bulk goods and the demand for carriage of bulk goods dropped significantly. As a result, Farenco BVI could not meet various counterparty obligations.

13.    Farenco BVI's counterparties consist of a broad swath of internationally-based ship-owners, commodity traders, cargo shippers and other time-chartered operators similar to Farenco BVI. A number of these time-chartered operators, including Transfield ER Cape Limited, Britannia Bulk PLC, Britannia Bulkers A/S, and Armada (Singapore) Pte Ltd., faced similar financial difficulties. Insolvency proceedings were commenced with respect to these entities in their home jurisdictions. I understand each of these respective foreign liquidation proceedings were recognized as foreign-main proceedings in the United States pursuant to chapter 15.

14.    Farenco BVI is now insolvent on a cash flow and balance sheet basis.

15.    Farenco BVI presently maintains liquid assets of approximately $435,967.50, in a bank account in the BVI and has liabilities far in excess of the current assets. My staff has preliminarily investigated these known assets and liabilities.

16.    A portion of Farenco BVI's assets consist of claims against third parties and the remainder consists of *inter alia*, bank balances in the BVI under the control of the Petitioner.

## The Farenco BVI Liquidation and BVI Insolvency Law

17.     On or about April 28, 2011 a creditor of Farenco BVI, Agrenco Madeira Comercio Internacional LDA ("Agrenco") applied to the BVI Court for the making of a winding-up order against Farenco BVI and the appointment of a liquidator (the "Liquidation Application").

18.     On May 30, 2011 the BVI Court directed that Farenco BVI be placed in Liquidation. *See* Exhibit 1, The Liquidation Order.

19.     I am advised that the Liquidation Order represents the commencement of a foreign proceeding as defined in 11 U.S.C. 101(24).

20.     As set forth in Section 184(1)(a) of the 2003 Act, a liquidator appointed under the 2003 Act is required to take possession of, protect and realize the assets of the company, wherever they may be located, for the benefit of creditors.

21.     Pursuant to §175(1)(b) of the 2003 Act, upon commencement of the BVI Proceedings, the directors and officers of the Foreign Debtor cease to have any power.  Section 175 of the BVI Act provides that, upon commencement of a liquidation proceeding, "the directors and other officers of the company remain in office, but they cease to have any powers, functions or duties other than those required or permitted by [Part VI of the 2003 Act]." *See* Ng Declaration Exhibit 1

22.     In practice, aside from their residual power to contest the liquidation (which has not been exercised here to the best of my knowledge) the directors of Farenco BVI ceased to have all powers upon the appointment of the Liquidator.  Similarly, the responsibility for the

management of Farenco BVI has been vested with the Liquidator, subject to BVI Court supervision.

23. The BVI Liquidation is not for the benefit of any single creditor. Rather, it operates to resolve and determine the rights of all claimants and stakeholders vis-à-vis the Foreign Debtor. *See, e.g.,* Ng Declaration Exhibit 1, 2003 Act §207 (providing for the payment of classes of admitted claims and expenses in accordance with statutory priorities, and if the amount available for such claims is insufficient to pay claims in full, directing ratable payment by class). Any person or entity with a claim against Farenco BVI may assert such claim in the BVI Liquidation.

24. The 2003 Act and the Liquidation Order together enumerate the Liquidator's powers. The Liquidator is empowered to carry out all the functions and duties of a liquidator under the 2003 Act including the power to:

    a. Pay any class of creditors in full.

    b. Make a compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging that they have any claim against the company, whether present or future, certain or contingent, ascertained or not.

    c. To compromise, on such terms as may be agreed

        i. Calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between the company and any person; and

        ii. Questions in any way relating to or affecting the assets or the liquidation of the company;

        iii. And take security for the discharge of any such call, debt, liability or claim and give a complete discharge in respect of it.

    d. To commence, continue, discontinue or defend any action or other legal proceedings in the name and on behalf of the company in the British Virgin Islands and elsewhere.

e. To carry on the business of the company so far as may be necessary for its beneficial liquidation.

f. To sell or otherwise dispose of property of the company.

g. To do all acts and execute, in the name and on behalf of the company, any deeds, receipts or other document.

h. To use the company's seal.

i. To prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against his estate, and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance, as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors.

j. To draw accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the company with the same effect with respect to the company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business.

k. To borrow money, whether on the security of the assets of the company or otherwise.

l. To take out in his official name letters of administration to any deceased member or past member or debtor, and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently done in the name of the company.

m. For the purpose of enabling the Liquidators to take out letters of administration or do any other act under this paragraph, to be due to the Liquidators themselves.

n. To call meetings of creditors or members for

    i. The purpose of informing creditors or members concerning the progress of matters arising in the liquidation;

    ii. The purpose of ascertaining views of creditors or members on any matter arising in the liquidation; or

    iii. Such other purpose connected with the liquidation as the Liquidators consider fit.

o. To appoint a solicitor, accountant or other professionally qualified person to assist him in the performance of his duties.

p. To appoint an agent to do any business that the Liquidators are unable to do themselves, or which can be more conveniently done by an agent.

q. To apply to the Court for directions concerning any matter arising out of the exercise of the above powers.

r. To do all other things incidental to the exercise of the above functions and powers.

25.     BVI Court approval must be sought before the Liquidator can exercise any of the first four powers (listed at paragraphs 24 (a)-(d)). *See generally,* Liquidation Order; 2003 Act §186(3). The other powers enumerated in the Liquidation Order may be exercised without specific, prior BVI Court approval, but are always subject to BVI Court review.

26.     I am advised that the powers of the Liquidator are broadly comparable to those of a trustee under Chapter 7 of the United States bankruptcy code. However, the Liquidator is further empowered to continue the operations of Farenco BVI as necessary, including the continuation of any legal actions.

27.     I posses the statutory authority as Liquidator to Petition the Courts of the United States of America in the name of the Liquidator for recognition of the BVI Liquidation and I further have the express authority pursuant to specific order of the Honorable Mr. Justice Edward Bannister entered July 28, 2011 to bring proceedings in New York. Specifically, on July 27, 2011 it was ordered by the High Court of Justice that, "[t]here be sanction to bring proceedings in New York in the name and on behalf of the Company [Farenco BVI] for the purpose of obtaining discovery against and/or in relation to the affairs of the Company, Farenco Shipping Pte Ltd (Singapore) and Farenco Transportation Co Ltd and their associates." (the "BVI Court Foreign Recognition Order") Attached hereto as Exhibit 3 is a true and correct copy of the BVI Court Foreign Recognition Order.

28.     The Liquidation of Farenco BVI is taking place in the BVI. A significant proportion of the work to date relating to the liquidation (and post-liquidation activities) has been conducted in the BVI and all of the work is subject to the supervision of the BVI Court.

29.     A bank account was established in the BVI prior to this Petition and known assets of Farenco BVI from foreign locations around the world have been consolidated to this BVI-based account and additional efforts are being conducted from the BVI to freeze one or more additional foreign accounts of Farenco BVI.

30.     Ongoing discussions with creditor Agrenco are being conducted from the BVI.

31.     I have been made aware of two additional potential creditors neither of which have filed a claim nor has any specific details of these potential claims been received.

32.     It is believed that most, if not all, of the creditors of Farenco BVI are located outside of the BVI so facilities will be made available for overseas creditors to attend creditor meetings telephonically.  I intend to call for and supervise periodic creditor meetings.  These meetings will likely occur in the BVI, but could conceivably be held elsewhere if the creditors collectively so choose. To the extent such meetings are held in the BVI, it will be possible to participate telephonically for the convenience of creditors.

33.     Myself and my staff have been gathering information on Farenco BVI's past operations and its relationship and business dealings with several other related entities.


**The Actions Against, and Assets of, Farenco BVI in the United States**

34.     To the best of my knowledge, presently there are no active litigations in the U.S. involving Farenco BVI.  However, within the past three years there have been several actions filed in the U.S. District Court for the Southern District of New York involving Farenco BVI. These various actions were either filed by Farenco BVI against third parties or brought by others against Farenco BVI.  I have been informed by James H. Power, Esq. of Holland & Knight LLP, U.S. counsel for the Liquidator, that many of these actions directly relate to the business

activities of Farenco BVI and involve attempts by Farenco BVI to obtain pre-judgment security for claims against its counterparties, some of which may be subject to U.S. jurisdiction. I am in the process of determining whether there are any realizable assets to obtain on behalf of Farenco BVI's creditors through the further pursuit of these claims.

## Qualifications for Recognition

35.    I am aware of the meaning of "foreign proceeding" as defined in 11 U.S.C. 101(23) of the Bankruptcy Code. I am advised by U.S. counsel and verily believe that the BVI Liquidation qualifies as such because the BVI Liquidation is a judicial proceeding under the supervision of the BVI Court in which the rights of creditors and stake-holders will be determined together, pursuant to the 2003 Act, which is a law relating to insolvency and adjustment of debts.

36.    I am aware of the definition of "foreign representative" as defined in 11 U.S.C. 101(24) of the Bankruptcy Code. I am advised by U.S. counsel and verily believe that a Liquidator qualifies as such because he is duly authorized and empowered by the BVI Court to administer the liquidation of Farenco BVI's assets and affairs, as well as to act as duly authorized representative of the BVI Liquidation proceeding internationally.

37.    I also am aware that "foreign court" is defined in Section 1502 of the Bankruptcy Code as "a judicial or other authority competent to control or supervise a foreign proceeding." I do not believe it is questionable that the BVI Court qualifies as a "foreign court." Furthermore, as noted above, the BVI Court exercises direct control over the BVI Liquidation.

38.    Finally, I am aware of the requirements for recognition as a foreign main and non-main proceeding under Section 1517(b)(l) and (2) of the Bankruptcy Code. I believe that the

BVI Liquidation qualifies as a main proceeding and that the BVI is Farenco BVI's center of main interests ("COMI"). As demonstrated by the facts included herein, I further believe that Farenco BVI is engaged in certain non-transient economic activity in the BVI.

39.    As noted above, Farenco BVI was formed under the laws of the British Virgin Islands and maintains its registered office there. I am advised that under U.S. law, this fact supports a statutory presumption that the BVI is Farenco BVI's COMI.

40.    Furthermore, I believe that there is no basis for rebutting this statutory presumption and that the circumstances clearly indicated that the BVI is Farenco BVI's COMI.

41.    As an initial matter, substantial Farenco BVI assets - including almost all of its known liquid assets (Farenco BVI's bank account balance) - are located in the BVI.

42.    The Liquidator has displaced the board of directors of Farenco BVI, Farenco BVI is in liquidation before a BVI Court, and all creditors of Farenco BVI may submit their claims in the BVI Liquidation. Moreover, Farenco BVI's remaining affairs are being conducted from the BVI.

43.    Farenco BVI maintains claims against third parties located all over the world. The bulk of these claims are subject to London arbitration clauses, but the location of such anticipated litigation is purely the consequence of the standard form of dispute resolution clauses in the charter parties and other agreements at issue. In practice, remaining disputes will be resolved (by negotiation) and/or prosecuted by the Liquidator at my direction from the BVI.

44.    Furthermore, it is clear to me that prior to Liquidation, Farenco BVI consistently represented itself to its counterparties as being a BVI company.

45.    For example, in at least one known charter party where Farenco BVI acted as charterer or subcharterer, Farenco BVI was described as "Farenco Shipping Co. Ltd. as

Charterers of the City of BVI." *See, e.g.,* relevant excerpt from the Time Charter for the M/V BEAUTY DONOR attached hereto as Exhibit 4.

46.    Similarly, counterparties to contracts entered into with Farenco BVI clearly had knowledge that Farenco BVI was a BVI entity and addressed correspondence and invoices to "Farenco Shipping Co., Ltd. BVI. *See, e.g.,* Invoice from TMT Asia Limited to Franco Shipping Co. Ltd. BVI attached hereto as Exhibit 5.

47.    Furthermore, filings brought against Farenco BVI in the U.S. District Court for the Southern District of New York show that companies dealing with Farenco BVI had full knowledge that it was a BVI corporation. *See, e.g.,* Verified Complaint of Daehan Shipping Co., Ltd. v. Farenco Shipping Co., Ltd. (08 CIV 10060) (alleging, "[a]t all times material hereto, Defendant, FARENCO, was and still is a foreign business entity duly organized and existing pursuant to the laws of the British Virgin Islands, with an office and principle place of business at Road Town, Tortola, British Virgin Islands.") attached hereto as Exhibit 6.

48.    Likewise, in at least one action brought by Farenco BVI, allegations were expressly made that, "[a]t all material times, Plaintiff [Farenco BVI] was and is now a British Virgin Islands Company." *See, e.g.,* Verified Complaint of Farenco Shipping Co. Ltd. v. Britannia Bulkers A/S, (08 Civ 9398) attached hereto as Exhibit 7.

49.    I have been informed by Liquidator's U.S. counsel that complaints filed electronically with the U.S. District Court for the Southern District of New York are a matter of public record.

50.    Having reviewed information available to me, I believe that the documents mentioned above are entirely typical of Farenco BVI's agreements with third parties. Contracts of this type appear to have been at the heart of Farenco BVI's business, and it is my view that the

way in which Farenco BVI described itself and allowed itself to be described in such contracts would have been the main source of information available to any third party seeking to ascertain Farenco BVI's whereabouts.

51.     Furthermore, based upon my involvement in this matter, it is clear to me that Farenco BVI's creditors considered and continue to consider Farenco BVI's to be based in the BVI.

52.     In April of 2011 Agrenco, one of Farenco BVI's known creditors, served a statutory demand upon Farenco BVI pursuant to the BVI 2003 Insolvency Act upon: "Farenco Shipping Co. Ltd. (the "Company") c/o Commonwealth Trust Limited, PO Box 3321. Road Town, Tortola, British Virgin Islands."

53.     Agrenco, the creditor whose petition ultimately resulted in the Liquidation Order similarly sought to obtain payment from Farenco BVI by making a winding-up petition in the BVI and to have myself appointed as Liquidator of the Company.

54.     From the BVI, I have engaged in several negotiations with UK counsel for Agrenco. Agrenco has expressly given its support for this Petition.

55.     It is my belief that Farenco BVI's officers and directors did not reside in the BVI. However, under BVI law, upon liquidation, a liquidator displaces officers and directors with respect to their duties. I reside in, and execute my powers and duties from, the BVI.

56.     I therefore believe that Farenco BVI's COMI is the BVI; that the BVI is the natural forum for a liquidation of Farenco BVI to occur and that Farenco BVI's creditors will be served and protected if the BVI Liquidation is recognized as a foreign main proceeding.

57.     In accordance with 11 U.S.C. § 1515(c), I am aware of no other pending foreign insolvency proceedings in which Farenco BVI is the subject of the proceeding.

58.     In accordance with Bankruptcy Rule 1007-1, attached hereto as Exhibit 8 is a list of known and pending actions in the United States in which Farenco BVI is named as a party, a list of known parties against which provisional relief is sought, and the disclosures required under Bankruptcy Rule 7007.1.

## The Need For Provisional Relief

59.     The key principle underlying the 2003 Act and BVI insolvency proceedings is *in pari passu* - that like creditors should be treated alike.

60.     Section 175 of the 2003 Act is entitled "Effect of Liquidation." Section 175(c) states that "unless the Court otherwise orders, no person may (i) commence or proceed with any action or proceeding against the company or in relation to its assets, or (ii) exercise or enforce, or continue to exercise or enforce any right or remedy over or against the assets of the company."

61.     Section 176 of the 2003 Act is entitled "restriction on execution or attachment." Section 176(1) states that "Subject to subsections (2) and (3), a creditor is not entitled to retain the benefit of any execution process, distress or attachment over or against the assets of a company in liquidation unless the execution, process or attachment is completed before... the commencement of the liquidation..."

62.     Presently, I know of no assets of Farenco BVI in the U.S. that are currently subject to attachment or restraint by any third party. However, in light of the numerous actions involving Farenco BVI that had been filed in the U.S. District Court for the Sothern District of New York, I can not be absolutely sure no funds of Farenco BVI remain in the U.S. or are presently restrained pursuant to a prior order of a U.S. District Court Judge.

63. If any creditor is permitted to execute upon any funds of Farenco BVI located in the U.S. it will jeopardize and destroy the equitable distribution of assets in the BVI Liquidation. Additionally, the prospect of obtaining an improper priority to Farenco BVI funds in the United States, if any, will make a final resolution amongst creditors more difficult and costly to achieve.

64. Farenco BVI (in liquidation) (a) has claims against; and (b) might be owed receivables by, numerous entities that are subject to New York jurisdiction.

65. Recognition of the BVI Liquidation as a foreign main proceeding is sought here primarily to obtain this Court's assistance in obtaining critical discovery from entities subject to the jurisdiction of this Court.

66. Petitioner principally seeks discovery of the Foreign Debtor's own records from banks subject to the jurisdiction of this Court. To wit, Farenco BVI principally transacted business in U.S. Dollars, which transactions cleared through intermediary banks in this judicial District. These banks maintain the records of these wire transfer transactions and those records are critical for Petitioner to gain an understanding of where Farenco BVI's assets and funds were distributed prior to the commencement of the BVI Liquidation proceedings.

67. Like Farenco BVI, two entities affiliated with Farenco BVI, i.e. Farenco Transportation Co., Limited ("Farenco Hong Kong") and Farenco Shipping Pte Ltd. ("Farenco Singapore"), are registered to do business with New York's Secretary of State and are subject to the unlimited jurisdiction of New York's courts. Attached to the Declaration of James Power are true and correct copies of the NYS registration documents form Farenco BVI, Farneco Hong Kong and Farenco Singapore.

68. The sole shareholder of Farenco BVI is also the sole Direictor, Mr. Liu Song. In addition, Farenco BVI, Farenco Hong Kong and Farenco Singapore all have (or had) the same

Chairman, Mr. Liu Song. The New York State Department of State show that as Chairman of each of the Farenco entities, Mr. Song applied on behalf of each for authority to do business in New York.

69. It is believed that Mr. Liu Song and each of these related entities possess intimate knowledge of Farenco BVI's activities in the months preceding the BVI liquidation.

70. Obtaining discovery from Farenco Hong Kong and Farenco Singapore is critical for Petitioner to perform the statutory duties of investigating Farenco BVI assets, ongoing business, claims, asset transfers and counterparties.

71. Upon learning of this action, I am concerned that Mr. Liu Song will act to preserve or otherwise insulate Farenco Singapore and Farenco Hong Kong from any potential exposure to claims by the Liquidator. I believe that based upon representations by Mr. Liu Song to me via email (farencolegal@gmail.com) that one of these two entities or another entity controlled by Mr. Song is currently in possession of the books and records and other operational and financial data of Farenco BVI. I believe this to be the case because Mr. Liu Song has indicated to me that Farenco BVI was merely a shell company and did not "own" any assets/books and audit reports. I believe the books and records needed to carry-on a company like Farenco BVI and process the large monetary transactions associated with operating a chartering and commodity trading enterprise are under the control of and in possession of Mr. Liu Song through another Farenco Group entity. Moreover, despite my requests to Mr. Liu Song, no books and records have been produced leading me to believe that they may be destroyed or at the risk of being or otherwise made unavailable to the Liquidator without further protection from this Court. Once this Petition is filed, I do believe that a request will be made to the various New York attorneys to return all files for Farenco BVI, Farenco Singapore and

16

Farenco Hong Kong to China. Based on my review of the registration filings made by the Farenco Group entities to the New York State Department of State, Corporations Division, there appears to have been joint representation of these three Farenco Group entities. My request for preservation of Farenco BVI's records in the possession or control of Farenco Singapore, Farenco Hong Kong and former U.S. counsel for Farenco BVI is sought to prevent the destruction, alteration, or removal of Farenco BVI related documents that may be intermingled in any jointly maintained files of Farenco Group's former U.S. counsel. Accordingly the relief sought is urgently needed to protect the integrity of BVI Liquidation process and ensure that the Liquidator may obtain the documents and records necessary to effectuate his statutory duties. Additionally, it is possible that Farenco Singapore and Farenco Hong Kong will "de-register" (i.e. relinquish their authorization to do business in the State of New York). If discovery is not served before this occurs, there will be an additional and unnecessary layer of process and expense associated with the discovery.

72.     As the discovery process generally takes a number of weeks, Petitioner seeks provisional relief in the form of an order prohibiting entities and persons subject to the jurisdiction of this Court from destroying, secreting or altering documents, records and electronically stored information pertaining to Farenco BVI, and permitting preliminary discovery pending recognition for information that Petitioner believes is time sensitive.

73. Moreover, Petitioner expects to obtain sensitive information concerning transfers of Farenco BVI assets to other entities. Petitioner will have a limited time to act upon this information before it becomes dated and before those who might be in possession of Farenco BVI assets have an opportunity to dissipate or otherwise make the assets unavailable for recovery by the Liquidator.

74.    Petitioner seeks precisely the type of relief that chapter 15 was designed to provide, while the BVI Liquidation and this Petition meet all the requirements for recognition and provisional relief.  In particular, Petitioner was appointed by the BVI Court to administer Farenco BVI's  assets, liabilities, and any ongoing business in connection with the BVI Court-ordered Liquidation of Farenco BVI pursuant to the 2003 Act, a law relating to insolvency or adjustment of debt.

For all of these reasons, I respectfully request that this Court enter an Order recognizing Petitioner as a foreign representative and the BVI Liquidation as a foreign main proceeding under chapter 15, and enter an Order granting provisional relief including authorization to allow immediate discovery as contemplated by 11 U.S.C. § 1519 (a)(3) and 11 U.S.C. § 1521 (a)(4) and any other relief as this Court may deem appropriate pending the hearing on recognition.

* * * The remainder of this page is intentionally left blank * * *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August ___29th___, 2011

_____

Nicholas Francis James Carter
As Liquidator of Farenco Shipping Co. Ltd.

#10531013_v1

18