UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                            :
In re:                                      :    Chapter 15
                                            :
FARENCO SHIPPING CO. LTD.,                  :    Case No. 11-14138 (REG)
                                            :
        Debtor in a                         :
        Foreign Proceeding.                 :
                                            :
                                            :
-----------------------------------------------------------x

**ORDER TO SHOW CAUSE WHY A TEMPORARY RESTRAINING ORDER SHOULD NOT BE MAINTAINED PURSUANT TO 11 U.S.C. §§ 1519 AND 1521 PENDING FURTHER HEARING ON ADDITIONAL PROVISIONAL RELIEF AND PRIOR TO ENTRY OF AN <u>ORDER RECOGNIZING FOREIGN PROCEEDING</u>**

On August 31, 2011, Nicholas Francis James Carter, duly appointed liquidator and foreign representative ("**Petitioner**" or "**Liquidator**") of Farenco Shipping Co. Ltd. ("**Farenco BVI**" or the "**Foreign Debtor**"), a company undergoing liquidation before the Commercial Division of the High Court of Justice (the "**BVI Court**"), case number 2011/0051 (the "**BVI Liquidation**"), pursuant to the Insolvency Act of 2003 of the British Virgin Islands (the "**2003 Act**"), filed a Verified Petition (the "**Petition**") seeking entry of an Order pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"): (i) recognizing the BVI Liquidation of Farenco BVI as a foreign main proceeding, or in the alternative, a foreign non-main proceeding pursuant to chapter 15 of the Bankruptcy Code; (ii) granting automatic relief pursuant to section 1520 of the Bankruptcy Code; (iii) granting other and additional relief pursuant to sections 1519 and 1521(a) and (b) of the Bankruptcy Code.

A hearing on Petitioner's application for *ex parte* relief was had on September 1, 2011 at 3:40 p.m.

Now, upon the Court's review and consideration of the application, the Petition, and the accompanying Declarations of Nicholas Francis James Carter executed on August 29, 2011, of Ray Ng executed on August 31, 2011, and James H. Power, executed on August 31, 2011, each attesting to the need for relief by Order to Show Cause; and it appearing that this Order to Show Cause is necessary and beneficial to the Petitioner and Farenco BVI, and it appearing that notice of the hearing on this Order to Show Cause having been filed on the Bankruptcy Court's electronic docket and provided by electronic mail to former counsel of record for Farenco BVI in the U.S. Actions and delivered by hand to former counsel of record for Farenco BVI in the U.S. Actions and delivered by hand to the New York agent for service of process for Farenco Shipping Pte. Ltd. and Farenco Transportation Co. Limited, and it appearing that no other or further notice of this Order to Show Cause need be given, except as provided herein; and after due deliberation and sufficient cause appearing thereof, this Court finds and concludes that a showing has been made as follows:

A.    There is a substantial likelihood that the Petitioner will be able to demonstrate that the BVI Liquidation is a foreign main or non-main proceeding pursuant to section 1517 of chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), that Petitioner is the duly appointed foreign representative of Farenco BVI pursuant to section 101(23) and 1502(4) of the Bankruptcy Code, and that Farenco BVI and Petitioner, in his capacity as foreign representative of Farenco BVI, is entitled to protections afforded by sections 1520 and 1521 of the Bankruptcy Code;

B.    The continuation of any action against Farenco BVI should be temporarily enjoined, to the extent provided herein, pursuant to sections 105(a) and 1519 of the Bankruptcy Code and Fed. R. Bankr. P. 7065(b), to permit the expeditious and economical administration of

2

Farenco's BVI estate in the BVI Liquidation, and such relief will not cause undue hardship or any hardship to parties in interest or is outweighed by the benefits;

C.  There is a material risk that Farenco BVI will suffer cognizable injury for which it will have no adequate remedy at law and therefore it is necessary that the Court enter this Order;

D.  The interests of the public will be served by this Court's entry of this Order;

E.  Petitioner, in connection with his representation of Farenco BVI, and Farenco BVI is temporarily entitled to the protections and rights afforded pursuant to section 1519(a)(l)-(3) of the Bankruptcy Code, to the extent provided herein; and

F.  Venue is proper in this District pursuant to 28 U.S.C. § 1410.

**NOW THEREFORE, IT IS HEREBY**

1.  **ORDERED,** that all parties in interest come before the Honorable Robert E. Gerber, United States Bankruptcy Judge for the Southern District of New York, for a hearing (the "**Order to Show Cause Hearing**") at **10:30 a.m. on September 6, 2011**, at the United States Bankruptcy Court, Alexander Hamilton Custom House, Room **621**, One Bowling Green, New York, New York 10004, to show why, pending a hearing for recognition and other related relief requested in the Petition (the "**Provisional Relief Hearing**"), an order should not be granted enjoining all persons and entities subject to this Court's jurisdiction from:

    a. executing against Farenco BVI's property or assets;

    b. taking or continuing any act to obtain possession of, or exercise control over, Petitioner (with respect to Farenco BVI), Farenco BVI or any of its property or assets;

    c. taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against Petitioner (with respect to Farenco BVI), Farenco BVI or any of its property or assets, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to Farenco BVI or any of its property or assets;

3

    d. transferring, relinquishing or disposing of any property of Farenco BVI to any person or entity other than Petitioner;

    e. all persons and entities subject to the jurisdiction of this Court are hereby enjoined from destroying, secreting, altering, deleting or otherwise disposing of any documents, records, filings, or other information, however stored, concerning or relating to the affairs of Farenco BVI;

    f. allowing immediate discovery on New York located intermediary banks; and

    g. enjoining Farenco Shipping Pte. Ltd., Farenco Transportation Co. Ltd. or their agents or counsel from "de-registering" as foreign business corporations or relinquishing their authorization to do business in the State of New York.

2.    **ORDERED** that a copy of this Order shall be served by electronic mail or by hand delivery, upon all of former counsel for Farenco BVI in the U.S. Actions and by hand on Farenco Shipping Pte. Ltd.'s and Farenco Transportation Co. Ltd.'s registered agent in New York; and by email and overnight mail to the creditor(s); and it is further

3.    **ORDERED** that such service shall be good and sufficient service and adequate notice; and it is further

4.    **ORDERED** that pending the Provisional Relief Hearing, all persons and entities subject to this Court's jurisdiction and upon whom this order is served are temporarily enjoined from:

    a. executing against Farenco BVI's property or assets;

    b. taking or continuing any act to obtain possession of, or exercise control over, Petitioner (with respect to Farenco BVI), Farenco BVI or any of its property or assets;

    c. taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against Petitioner (with respect to Farenco BVI), Farenco BVI or any of its property or assets, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to Farenco BVI or any of its property or assets;

    d. transferring, relinquishing or disposing of any property of Farenco BVI to any person or entity other than Petitioner;

  e. all persons and entities subject to the jurisdiction of this Court are hereby enjoined from destroying, secreting, altering, deleting or otherwise disposing of any documents, records, filings, or other information, however stored, concerning or relating to the affairs of Farenco BVI (except that copies may be made or duplicates created of information and/or records subject to this Order); and it is further

  5. **ORDERED** that pending the Provisional Relief Hearing, it is temporarily ordered that Farenco Shipping Pte. Limited and Farenco Transportation Co. Limited are enjoined from "de-registering" as foreign business corporations or relinquishing their authorization to do business in the State of New York; and it is further

  6. **ORDERED** that discovery may be commenced and subpoenas served on New York located intermediary banks for the purpose of obtaining wire transfer information concerning financial activity of Farenco BVI prior to and after the BVI Liquidation; and it is further

  7. **ORDERED**, that any party in interest may make a motion seeking relief from, or modification of, this Order, by filing a motion on not less than two (2) business day's notice to the United States counsel for the Petitioner, seeking an order for such relief, and any such request shall be the subject matter of a hearing scheduled by the Court; and it is further

  8. **ORDERED**, that pursuant to Fed. R. Bankr. P. 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure be, and the same hereby are, waived; and it is further

  9. **ORDERED**, that the Petition and supporting papers shall also be made available by Petitioner upon request to Holland & Knight LLP, 31 West 52nd Street, New York, New York 10019 (Attn.: James Power, Esq.), as counsel to Petitioner; and it is further

  10. **ORDERED**, that, objections, if any, submitted for the purpose of opposing the Petitioner's application for *ex parte* provisional relief on the terms described herein may be made

5

orally at the Order to Show Cause Hearing or made in writing describing the basis therefore and be filed with this Court electronically in accordance with General Order M-182 by registered users of the Court's electronic case filing system, and by all other parties in interest, on a 3.5 inch disc or CD-ROM, preferably in Microsoft Word format, Word Perfect, or any other Windows-based word processing format, with hard copy to the Chambers of the Honorable Robert E. Gerber, and served upon counsel to Petitioner, Holland & Knight LLP, 31 West 52nd Street, New York, New York 10019 (Attn.: James H. Power, Esq.), so as to be received on or before **8:00 a.m., Eastern Standard Time, on September 6, 2011**, the day of the Order to Show Cause Hearing.

Dated: New York, New York
      **September 1, 2011**

                                      */s/ Robert E. Gerber*
                                      THE HONORABLE ROBERT E. GERBER
                                      UNITED STATES BANKRUPTCY JUDGE